IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DUSTIN MOYER, | : Civ. No. 1:23-CV-2137 |
| | : |
| Plaintiff, | : |
| | : |
| v. | : (Chief Magistrate Judge Bloom) |
| | : |
| CAROLYN COLVIN, | : |
| Commissioner of Social Security,[1] | : |
| | : |
| Defendant. | : |

## <u>MEMORANDUM OPINION</u>

## I.   <u>Introduction</u>

This case comes before us on a motion for attorney fees under the Equal Access to Justice Act ("EAJA") filed by the plaintiff, Dustin Moyer. (Doc. 18).  Moyer originally filed this case as an appeal from his denial of Social Security benefits. (Doc. 1).   The Commissioner agreed to voluntarily remand the case to the Administrative Law Judge for further consideration.  (Doc. 15).  Moyer then moved for attorney fees pursuant to 28 U.S.C. § 2412(d).  (Doc. 18).  The Commissioner opposed the motion.

---

[1] Carolyn Colvin became the acting Commissioner of Social Security on November 30, 2024. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Carolyn Colvin is substituted as the defendant in this suit.

(Doc. 24). The Commissioner disputes only the number of hours billed. (*Id.*).

The defendant argues that the work performed here by the plaintiff's attorney, Christopher Marzzacco Esq., involved little novel work and re-used research and writing from Marzzacco's past cases, rendering the hours billed for this case excessive. (Doc. 24). Moyer responds that even where the law was familiar to Marzzacco, careful review and application of law to facts took the time billed here, and as the winning party, Moyer is entitled to deference on this issue. (*See generally* Doc. 25).

After consideration, we conclude that Marzzacco's winning strategy is due deference, but also that some of these hours were "block billed" in a manner that prevents us from being certain of what work was performed when, and we must resolve that uncertainty against Moyer. Accordingly, we will grant the plaintiff's motion for attorney fees, but with some of the defendant's requested reductions, explained in detail below.

II.  <u>Background</u>

This controversy is limited to the number of attorney hours Moyer's counsel may properly bill.  After the parties concurred on a motion to remand (doc. 15), Moyer moved for attorney fees under the EAJA.  (Doc. 18).  In that motion, Moyer argued that he had prevailed in the action, and that the United States' position was unjustified, entitling Moyer to fees under the EAJA.  (*Id.*).  He argued the EAJA's text allows an attorney to bill up to $125 per hour, but that figure is indexed to the cost of living, and the current maximum billing rate is $252.50 an hour.  (*Id.*). Marzzacco submitted a time log with 11 entries totaling 43.75 hours and billed at $252.50, resulting in a bill in the amount of $11,046.87.  (Doc. 19).

The Commissioner opposes the motion in part.  She agrees that Moyer was entitled to attorney fees at a rate of $252.50 an hour.  (Doc. 24).  Her opposition is solely to the number of hours billed.  Of the 11 entries, the Commissioner disputes five, arguing that those entries, which account for 32.5 hours billed, should be reduced by 18 hours, for a total of 25.75 billable hours.  (Doc. 24).  The Commissioner broadly argues that the amount of work should be reduced because Marzzacco relied on

research and writing done for past clients and that he has improperly billed for largely clerical tasks. (*Id.*). The Commissioner also claims Marzzacco is improperly "block billing" in a manner that makes it impossible to divine how his hours were spent with sufficient certainty to support the award requested here. (*Id.*).

Moyer disputes these conclusions, replying generally that the bills are legitimate, and that the hours billed reflect proper attorney review of clerical work, novel application of client-specific facts to previously researched law, and the researching and drafting of some novel arguments. (Doc. 25). Moyer also avers that Marzzacco spent five hours researching and preparing a reply brief to Defendant's instant brief in opposition, increasing his bill by $1,262.50 for a total of $12,309.37. (*Id.*).

The motion is now fully briefed and ripe for resolution. (Docs. 19, 24, 25). After consideration, we will grant the motion for attorney fees, with some reductions as discussed below.

III.   Discussion
     A. Motion for Attorney Fees – Standard of Review

The defendant has filed a motion for attorney fees pursuant to the EAJA. The EAJA directs that a court "shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action

. . . including proceedings for judicial review of agency action, brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A).  The award should be denied only if "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.*  A party seeking such an award shall, within 30 days of a court entering final judgment, submit to the court "an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate. . . ." 28 U.S.C. § 2412(d)(1)(B).

Parties who have prevailed against the United States' unjustified position and who timely move are entitled to "the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees[.]" 28 U.S.C. § 2412(d)(2)(A).  While reasonable attorney fees are capped at $125 per hour, the statute permits a court to increase that number due to increases in cost of living or other special factors. *Id.*  Movants are expected to "make a good faith effort to exclude from a fee request hours that are

excessive, redundant, or otherwise unnecessary . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

In reviewing a request for fees under the EAJA, the Court has substantial discretion to fix the amount of an award. *Commissioner, INS v. Jean*, 496 U.S. 154, 161 (1990). When determining what amounts to a reasonable fee under the EAJA, "it is important 'for the district court to provide a concise but clear explanation of its reasons for the fee award.'" *United States v. Eleven Vehicles*, 200 F.3d 203, 211 (3d Cir.2000) (quoting *Hensley*, 461 U.S. at 437). Not all work done on a case is compensable under the EAJA. Specifically, work "that could have been done by support staff is not eligible for compensation under the EAJA." *Bielec v. Bowen*, 675 F. Supp. 200, 204 (D. N.J. 1987). Precedent dictates that counsel's level of experience with Social Security appeals should be reflected via efficiencies in the resulting fees, and that fee reductions are appropriate where experienced counsel demonstrates inefficient practices. *Menter v. Astrue*, 572 F. Supp. 2d 563, 566 (D.N.J. 2008)).

The determination of what fee is "reasonable" is within a district court's discretion, *Hensley*, 461 U.S. 433, and the court is directed to make a "thorough and searching analysis" and to "go line, by line, by line

6

through the billing records" *Evans v. Port Auth. of New Jersey*, 273 F.3d 346, 362 (3d Cir. 2001) (internal quotation marks removed).  The court must make an initial fee calculation based on the "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. 433.  The court "should exclude from this initial fee calculation hours that were not reasonably expended." *Id.* (internal quotation marks omitted).

That initial calculation does not end the court's inquiry.  Next, the court should consider "the important factor of the results obtained." *Hensley*, 461 U.S. 433.  Two questions guide this analysis: "[f]irst, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.*  This factor weighs heavily in the consideration, as where "a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Id.* at 435.  But where "a plaintiff has achieved only partial or limited success, the

product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* The *Hensley* court was clear that these were guideposts, not mandates, as there "is no precise rule or formula for making these determinations . . . discretion [ ] must be exercised in light of the considerations we have identified." *Id.*

Specificity as to the hours worked is often an issue in determining reasonableness of fees. Thus, a "fee petition is required to be specific enough to allow the district court 'to determine if the hours claimed are unreasonable for the work performed.'" *Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990) (quoting *Pawlak v. Greenawalt*, 713 F.2d 972, 978 (3d Cir. 1983)). To achieve this, a petition should include "some fairly definite information as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations, and the hours spent by various classes of attorneys . . . ." *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanatory Corp.*, 486 F.2d 161, 167 (3d Cir. 1973). While "it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney[,]" *Lindy Bros.* 486 F.2d 167, the Supreme Court has acknowledged that "[c]ontemporaneously

recorded time sheets are the preferred practice" for establishing attorney hours worked. *Webb v. County Board of Education*, 471 U.S. 234, 238 n. 6 (1985).

Attorneys creating a time sheet of their work *may* aggregate their "tasks and hours by day" but that is "not the best method" and will "risk[ ] reduction for excessiveness because the court may [assume] that more hours were spent on a task than actually were expended[.]" *Rode*, 892 F.2d 1191. Summaries showing the daily activities of the lawyer, as well as "a general description of the activities provided" have been held sufficiently specific. *Keenan v. City of Philadelphia*, 983 F.2d 459, 473 (3d Cir. 1992). However, summaries establishing only a monthly cumulative total of hours or large blocks of time associated with generalized descriptions of the task, sometimes referred to as "block billing," leaves the court to "speculate[ ] as to whether the hours claimed were reasonable for the work performed[,]" and have been found inadequate. *Id.*

The Court of Appeals has identified a useful standard to consider regarding hours worked on briefs—three hours of billed work per each page of a brief is a presumptively reasonable amount of time. *See*

*Maldonado v. Houstoun*, 256 F.3d 181, 186 (3d Cir. 2001) (holding 120 hours an appropriate number of billed hours for a 41 page brief); *See also Beattie v. Colvin*, 240 F. Supp. 3d 294, 298 (D.N.J. 2017) (citing *Maldonado*, 256 F.3d at 186) ("[C]ourts in this district have regularly applied the '3 hours per page' rule in determining the reasonableness of hours spent on a brief in social security cases.").

B. <u>The Plaintiff's Motion for Attorney Fees will be Granted in Part.</u>

As we have explained, the parties do not dispute that Moyer was the prevailing party here, the United States was not substantially justified in its position, Moyer's filing for fees was timely under the EAJA, and $252.50 is a rate that appropriately reflects a cost-of-living adjustment to the statutory maximum. (*See generally* Docs. 19, 24, 25). The only issue before us is if the hours claimed by Attorney Marzzacco are reasonable. We conclude that the fee request here is generally reasonable, but that Marzzacco has engaged in some block billing that, considering his familiarity with this practice area and the similarity of the instant work to his past work, merits some small reductions in his fee. Therefore, we will grant the plaintiff's motion for attorney fees, but with some reductions as set forth below.

At the outset of analysis, we note that 20 to 40 hours is the range courts have typically found appropriate for attorney fee awards for Social Security appeals such as this one. *See Menter*, 572 F. Supp. 2d at 565; *see also Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 (C.D. Ca. 2000) (collecting 13 cases from varied circuits to show 20-40 hours is the standard range). Here, the initial bill was for 43.75 hours. (Doc. 19-2 at 3).

As we have noted, the Commissioner disputes five of the entries submitted by Marzzacco. The first item disputed is four hours billed for "Calls to client re filing, IFP status, and fee agreement preparation of Fee Agreement, Complaint, and IFP form." (Doc. 19-2 at 3). The Commissioner avers this item should be reduced from four hours to three quarters of an hour because these matters were routine and "at least partially represent non-attorney clerical or administrative time." (Doc. 24 at 9). Additionally, the Commissioner notes that the complaint is typical for Social Security cases, is only three pages long, and contains minimal plaintiff-specific information. (*Id.*).

Moyer argues that Marzzacco spent the billed hours reviewing documents to be submitted to the court. (Doc. 25 at 4). Moyer cites

persuasive caselaw holding that review of such documents is properly billable and compensable regardless of its original author. *See Highsmith v. Barnhart,* 2006 WL 1582337, at *5 (E.D. Pa. June 7, 2006). We agree that review of documents being submitted to the court is a proper activity for which an attorney can bill but note that Moyer's cited caselaw involved a charge for 12 minutes (one fifth of an hour) of review. *Id.* We think this reflects an appropriate amount of time to bill for the review of a single document, such as the initial filing and IFP petition here. We therefore hold that review of those two items, combined, accounts for half an hour of the four-hour block.

As to the calls and the complaint, as we have explained, three hours per page is a generally accepted as an appropriate billing ratio for drafting legal documents. On the one hand, the entry of "Calls to client re filing, IFP status, and fee agreement preparation of Fee Agreement, Complaint, and IFP form" suffices to show "a general description of the activities provided[,]" meeting this Circuit's standard of specificity. *Keenan*, 983 F.2d at 473. On the other, we expect to see some efficiencies in billing for filings by experienced attorneys performing familiar first steps within their established practice areas. *Menter*, 572 F. Supp. 2d at

566.  Considering these countervailing elements, we find that two hours is a more appropriate amount of time for the combined tasks of intake calls and reviewing a winning three-page complaint. To that end, we will reduce this line item by one- and one-half hours, in addition to the half hour discussed above. In sum, we will award Marzzacco two and a half hours' worth of fees for this line item, rather than the four hours he has requested.

The Commissioner also objects to Marzzacco billing eight and a half hours for "Review/ summary of medical evidence, function reports, and testimony (500 pgs)[.]"  The Commissioner argues that, because Marzzacco represented Moyer in the underlying Social Security hearing, he had a head start on reviewing and summarizing these records, and so four and a half hours is a more appropriate total.  The Commissioner relies on persuasive caselaw for the notion that where a brief contains large amounts of boilerplate language, or language and research clearly identical to other work done previously by counsel, a downward adjustment in the attorney's fee award may be proper.  *See Amparo v. Comm'r of Soc. Sec.,* 2014 WL 4678033, at *3 (D.N.J. Sept. 18, 2014).  We note that some courts have rejected similar arguments, finding that "the

13

Commissioner's argument that counsel remains intimately familiar with the case at all times assumes too much" while approving a fee award. *Highsmith,* 2006 WL 1582337, at *4.

Moyer argues that while Marzzacco was concededly familiar with the record already, summarizing over 500 pages of records is a distinct and time-consuming task. (Doc. 25 at 5). We note that in total, roughly 32 total hours were billed for this 20-page brief, placing the overall effort well within this Circuit's "three-hour per page" rule, discussed above. The Commissioner concludes, and we agree, that about five pages of the brief appear to be comprised of authority that Marzzacco has cited in the past. (Doc. 24 at 13). We will not reduce Marzzacco's fees here as defendant desires, because what Moyer describes—summarizing voluminous records to their legally relevant details—is the application of law to facts, the essential act of the practice of law. We will not discount that act lightly, especially where that practice resulted in an unmitigated success. Accordingly, we conclude that the billing hours for this activity should not be reduced.

The Commissioner challenges the line items "Research and draft RFC arg" and "Research and draft obesity arg [,]" suggesting in her brief

that we halve the time billed for both items.  The Commissioner argues that both arguments re-use language and citations from Marzzacco's past briefs.  (Doc. 24 at 13-15).  Moyer replies that the application of that research and writing to the instant facts cannot be copied from case to case, and also that there are sections of both the RFC and obesity arguments that are entirely novel.  (*See* Doc. 25).  Moyer cites to persuasive authority establishing that billing as many as 50 hours on cases with no novel issues may be appropriate, and that novel arguments in general are not a requirement for a full award.  *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012); *Mendoza v. Bowen*, 701 F. Supp. 1471 (N.D. Cal. 1999).

But while *Mendoza* involves an award of 50 hours of work, the holding there is limited to a lack of novel issues and does not speak to the re-use of old work, and so it is not precisely on point here.  *Costa* does hold that novel arguments or novel work are not required to grant a party's full requested award and suggests that use of duplicated work should not on its own cause a reduction—but also says it *could* cause such reduction if the non-movant can identify "why the requested fee was excessive and by how much."  *Costa*, 690 F.3d at 1136 (quoting *Moreno v.*

*City of Sacramento*, 543 F.3d 1106, 1112 (9th Cir. 2008)).  While those cases are not binding upon us, we do find their logic somewhat persuasive, and conclude the Commissioner has made such a showing.

For both line items, research and drafting are listed together, and so we assume half of each day was spent on each of those activities.  We conclude that four (or four and a quarter) hours is reasonable for the drafting of each respective section.  But four hours spent researching a single narrow issue, one on which experienced counsel has written and argued before, seems high.  Without a more detailed breakdown to fall back on, we will resolve the ambiguities against Marzzacco, who could have avoided them by billing with greater detail.  We therefore conclude that half of the time for these two items was likely time spent on research and reduce the fees for research time by half. The result is that we will reduce each line item by 25%: two and a quarter hours reduction for the RFC argument, two hours reduction for the obesity argument.

Additionally, the Commissioner objects to the three and a half hours Marzzacco has billed for the crafting of the instant EAJA petition, its brief, and attachments.  The Commissioner points to two other cases in which Marzzacco has submitted petitions and argues the documents

are "virtually identical." (Doc. 24 at 18).   The Commissioner cites to persuasive caselaw that suggests half an hour is an appropriate award. *Bradford v. The Commissioner*, 2015 WL 5895795, at *4 (D. Md. Oct. 5, 2015).   In response, Moyer argues that a portion of the instant EAJA petition was a wholly novel argument spanning about two of the petition's five pages.   Given the relative brevity of the document, and again finding the record insufficiently developed for us to presume that the new argument took the bulk of the time billed, we will reduce this fee by one hour, down to two and a half hours. That brings the total number of hours reduced to seven and three quarters.

Finally, Moyer avers that his counsel spent five hours drafting the reply brief here and asks this court to award commensurate fees.   Given that it is a 14-page brief, with detailed citations to the record and no apparent boilerplate, the three-hour rule guides us to the conclusion that five hours is a presumptively reasonable amount of time to spend on such a brief.   We will grant this request.[2]

---

[2] Separate from this conclusion, we are compelled to remark on a misstatement of the law in Moyer's reply. He presents the following quote and citation: "The United States Supreme Court has held that 'in determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.' *See*

In sum, we will grant the plaintiff's motion for attorney fees as follows: the plaintiff's initial requested fee of 43.75 hours at $252.50 is hereby reduced by seven- and three-quarter hours, down to 36 hours, for a total of $9,090.00. We will also grant Moyer's request for an additional five hours of billing for the final reply brief. The result is an aggregate award of 41 hours at $252.50, totaling $10,352.50. Because Moyer was completely successful in his petition, the entirety of this fee should be paid to his attorney.

---

*Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161, 110 S. Ct 2316, 110 L. Ed. 2d 134 (1990)." (Doc. 25 at 3). While the quote is a true proposition, that quote is not present anywhere in *Jean*. To be sure, *Jean* is frequently cited for this proposition, but typically in a string citation alongside *Hensley v. Eckerhart*, 461 U.S. 424 (1983) and *Atkins v Apfel*, 154 F.3d 985 (9th Cir. 1998). By conflating these three holdings into a single quote attributed to *Jean*, Moyer effectively puts words in the Court's mouth and meaningfully misstates the holding in *Jean*. However, this error, which we presume unmalicious as the quoted language is concededly a staple of briefs and opinions in this area, did not meaningfully affect our analysis, as it is a correct, albeit misattributed, statement of law.

## IV.    Conclusion

For the foregoing reasons, the plaintiff's motion to for attorney fees will be granted in part, in that the plaintiff is entitled to $10,352.50 in attorney fees.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: January 16, 2024